12-2219
Liu v. Lynch

BIA
Laforest, IJ
A094 917 583

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand sixteen.

PRESENT:
       JON O. NEWMAN,
       RALPH K. WINTER,
       PETER W. HALL,
            *Circuit Judges*.

_____

HONG LIU,
       *Petitioner*,

       v.                                    12-2219
                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
       *Respondent*.

_____

FOR PETITIONER:        Michael Brown, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Erica B.
                       Miles, Senior Litigation Counsel;
                       Victory M. Mercado-Santana, Trial
                       Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hong Liu, a native and citizen of China, seeks review of a May 14, 2012, decision of the BIA affirming an Immigration Judge's ("IJ") February 1, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Liu*, No. A094 917 583 (B.I.A. May 14, 2012), *aff'g* No. A094 917 58 (Immig. Ct. N.Y. City Feb. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the IJ's determination regarding Liu's doctrinal knowledge of Falun Gong. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications, like Liu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on "the inherent plausibility of the applicant's or witness's account." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "[W]hen an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized." *Ying Li v. BCIS*, 529 F.3d 79, 82-83 (2d Cir. 2008).

The agency found Liu's testimony implausible insofar as he stated that he had supported Falun Gong in China since 2001, and had practiced Falun Gong in the United States for four years at the time of his merits hearing, yet he only knew the first of the five sets of exercises. This finding is supported by the record. Liu was asked why he learned only one set since 2006, and Liu responded that he learned Falun Gong by watching a DVD; however, when asked if all five exercises were on the DVD, Liu responded they were. Liu asserted that he had been involved in Falun Gong for over a decade, had photographed Falun Gong practices for instructional materials, and had been practicing weekly for

3

four years before his hearing.  Thus, his lack of knowledge about the five sets and how to practice Falun Gong casts doubt on his commitment to Falun Gong and whether he was actually arrested in China on account of his "support" of Falun Gong.

In his brief, Liu argues that the IJ had an "affirmative duty" to develop the record, and the IJ should have questioned him in order to secure more detailed information about his knowledge of Falun Gong.  While Liu relies on *Cao He Lin v. U.S. DOJ*, this case actually undercuts his claim, as it provides that an IJ "'*may* wish to probe for incidental details,'" under certain circumstances not applicable here.  428 F.3d 391, 400(2d Cir. 2005)(emphasis added) (quoting *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003)).

As Liu's testimony showed minimal knowledge of the practice of Falun Gong and cast doubt on his involvement in both China and the United States, the agency properly considered whether Liu had corroborated his claim.  8 U.S.C. § 1158(b)(1)(B)(ii).  "[W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence

4

should be provided." *In re S-M-J-*, 21 I. & N. Dec. 722, 725 (BIA 1997); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009). The agency did not err in faulting Liu for failing to corroborate his Falun Gong practice. Liu had specifically requested, and was granted, a continuance to call a witness, but failed to do so. Thus, Liu offered no evidence, apart from his testimony, that he practiced Falun Gong in the United States.

In addition, the agency considered the lack of evidence regarding the incidents that allegedly occurred in China. While Liu argues in his brief that the agency erred by faulting him for not authenticating documents pursuant to 8 C.F.R. § 287.6, a review of the agency decisions reveals that neither the BIA nor IJ required authentication pursuant to this provision. Rather, the agency attributed diminished weight to letters from Liu's father, girlfriend, and friend in China. There is no error in that. The witnesses were not available for cross-examination, and the weight accorded to documentary evidence lies largely within the agency's discretion. *Xiao Ji Chen v. U.S. DOJ*, 471 F.3d 315, 342 (2d Cir. 2006); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not

5

subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). In addition, all three letters are undetailed and provide no information about whether authorities continue to seek out Liu. Thus, they are generally unhelpful to Liu in meeting his burden of establishing a well-founded fear of future persecution.

As Liu has failed to establish his eligibility for asylum, it follows that he cannot satisfy the higher standard for withholding of removal or CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk